**DENY; and Opinion Filed July 12, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00481-CV

### IN RE JOSEPH SMITH, Relator

**Original Proceeding from the 366th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 366-80590-2016**

## MEMORANDUM OPINION
Before Justices Bridges, Brown, and Boatright
Opinion by Justice Brown

Before the Court is relator's motion to reinstate writ of mandamus, which we construe as a motion for rehearing. We deny the motion for rehearing. On our own motion, we withdraw our prior opinion in this case, substitute this opinion in its place, and deny relator's petition for writ of mandamus. The following is now the opinion of the Court.

Relator Joseph Smith's appeal of his December 2016 convictions is pending in this Court in cause number 05-17-00034-CR ("the appeal"). On December 22, 2017, Smith filed a motion in the appeal seeking an order compelling the trial court to provide him a copy of the reporter's record for a competency hearing held on August 29, 2016. This Court ordered the official court reporter of the 366th Judicial District Court to provide Smith's counsel with "a paper copy of a transcript of the August 29, 2016 competency hearing" and ordered Smith's counsel to send relator a copy of the transcript after receipt. The transcript and exhibits on DVD were filed with the Court in the appeal on March 8, 2018. By order dated March 15, 2018 in the appeal, this Court ordered

Smith's counsel to provide Smith with "a copy of the supplemental reporter's record of the August 29, 2016 competency hearing."

In this original proceeding, Smith complains that, although he was provided with a DVD of the State's exhibits 1 and 1A from the competency hearing, he cannot review those exhibits because he is incarcerated and does not have access to a DVD player. State's exhibits 1 and 1A consist of over 700 mp3 files. Due to the size of those files, the court reporter burned the files to a disk and filed the disk with this Court under separate cover from the transcript of the competency hearing. The transcript of the hearing shows that the exhibits were offered and admitted in disk form and were not played for the trial court. Smith contends that he cannot prepare a proper pro se response to counsel's *Anders* brief in the appeal without reviewing the State's exhibits. Smith seeks a writ of mandamus directing the trial court to either issue a bench warrant to permit Smith to conduct an in camera review of the State's exhibits or provide Smith with paper copies of the exhibits

To establish a right to mandamus relief in a criminal case, the relator must show that the trial court violated a ministerial duty and there is no adequate remedy at law. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). The trial court provided relator with a duplicate copy of the appellate record. Relator has not established that the trial court has a ministerial duty to prepare a transcription of audio files that were not played for the trial court at the hearing and were not transcribed by the court reporter. The trial court provided State's exhibits 1 and 1A to relator in the format in which they were admitted at trial and in the format in which they were filed in the appeal to this Court. In other words, relator has received a duplicate copy of the record, including the State's exhibits. A trial court has a duty to provide an indigent defendant with an adequate record on appeal. *Newman v. State*, 937 S.W.2d 1, 3 (Tex. Crim. App. 1996) (en banc) (citing *Abdnor v. State*, 712 S.W.2d 136, 139 (Tex. Crim. App. 1986) (en banc)).

The trial court has fulfilled its duty here by providing relator with a duplicate copy of the record. Accordingly, we deny relator's petition for writ of mandamus.

In an *Anders* case, it is appointed counsel's burden, not the trial court's burden, to "take concrete measures to initiate and facilitate the process of actuating his client's right to review the appellate record, if that is what his client wishes." *Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). We lack writ jurisdiction over appointed counsel regarding this issue because our jurisdiction over the appeal is not in jeopardy by counsel's actions. *See* TEX. GOV'T CODE § 22.221. We, therefore, express no opinion in this original proceeding regarding whether counsel fulfilled her burden to provide relator with a readily accessible record when she provided relator with the State's exhibits in a digital format. *See, e.g., Ramos v. State*, No. 07–13–00447–CR, 2014 WL 4930794, at *1–2 (Tex. App.—Amarillo Sept. 29, 2014, order) (not designated for publication) (ordering appointed counsel to provide a paper copy of the appellate record in an *Anders* appeal when appellant does not have access to a computer); *see also In re L.V.*, No. 07–15–00315–CV, 2015 WL 6940113, at *2 (Tex. App.—Amarillo Nov. 9, 2015, order) (requiring appointed counsel in an *Anders* appeal of a parental termination order to provide appellant with a readily accessible copy of the appellate record).

/Ada Brown/
ADA BROWN
JUSTICE

180481F.P05

–3–